**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIAM BOUTWELL AND**<br>**CAROL BOUTWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8475** |
| **METROPOLITAN PROPERTY AND**<br>**CASUALTY INSURANCE COMPANY,**<br>**METLIFE AUTO & HOME, ET AL.** | **SECTION "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand is **DENIED**.  (Rec. Doc.

6).

## BACKGROUND

Plaintiffs William and Carol Boutwell ("Boutwells") filed suit in the Twenty-Second Judicial

District Court for the Parish of St. Tammany, State of Louisiana, against Metropolitan Property and

Casualty Insurance Company ("Metropolitan"), MetLife Auto & Home ("Metlife"), and AAA

Contractor Services ("AAA").  In their petition, the Boutwells state that Metropolitan and MetLife

are foreign insurance companies and AAA is a Louisiana contractor.  The Boutwells allege that the

insurance company defendants provided insurance coverage to them for their residence located in

Slidell, Louisiana, which residence sustained extensive damages as a result of Hurricane Katrina.

Without identifying their insurance agent, the Boutwells further argue that the defendant insurance

agent held himself out as an agent/broker with expertise in procuring coverage, and they retained

him to provide insurance advice.

On October 18, 2006, Metropolitan and MetLife removed this case to this Court alleging that

diversity jurisdiction exists under 28 U.S.C. § 1332 because the only Louisiana defendant, AAA,

was improperly joined and alleging that this Court has jurisdiction under the Multiparty, Multiforum

Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. § 1369.[1]  The Boutwells filed a motion to remand.

## DISCUSSION

### A.      Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in

pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded."  To determine whether a cause of action

presents a federal question, the court examines the plaintiff's well-pleaded complaint.  *Hoskins v.*

*Bekins Van Lines*, 343 F. 3d 769, 772 (5th Cir. 2003).  The entire record is examined for a proper

understanding of the true nature of the complaint.  *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F. 2d

806, 808 (5th Cir. 1992).

### B.      Improper joinder.

Improper joinder may be established by the following: "(1) actual fraud in the pleading of

jurisdiction facts, or (2) the inability of the plaintiff to establish a cause of action against the non-

diverse party in state court." *Travis. v. Irby*, 326 F. 3d 644, 646-47 (5th Cir. 2003).  To succeed on

a claim of improper joinder based on the inability of plaintiff to establish a cause of action against

the non-diverse party, the defendant must demonstrate "that there is no possibility of recovery by

---

[1]Because this Court finds that it has diversity jurisdiction, the jurisdictional argument
under the MMTJA is moot.

the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Smallwood v. Illinois Central R.R. Co.*, 385 F. 3d 569, 573 (5th Cir. 2004)(*en banc*).

In the instant case, the defendant's removal centers on the alleged improper joinder of the only Louisiana defendant, AAA.  The Boutwells' petition demonstrates that the only allegation against AAA is as follows:

> [P]laintiffs engaged services with the defendant contractor to repair and remediate the properties damaged by Hurricane Katrina.  The defendant contractor billed and/or assessed damages for repair and plaintiffs incurred contractors' cost in rendering this service.  It is in dispute between plaintiff, defendant insurer and defendant contractor whether the charges and fees billed by defendant contractor to plaintiffs are excessive, unfair, burdensome, and unjustified.[2]

The Boutwells did not have AAA served with a copy of the petition.  Because the Boutwells have not opposed the assertions of Metropolitan and MetLife that AAA is improperly joined, this Court finds that the Boutwells have failed to demonstrate that they have a reasonable basis to recover against the only Louisiana defendant, AAA.  Accordingly, diversity jurisdiction exists.

### CONCLUSION

For the forgoing reasons, plaintiffs' motion to remand is **DENIED.**

New Orleans, Louisiana, this __23rd__ day of March, 2007.

_____
        **MARY ANN VIAL LEMMON**
     **UNITED STATES DISTRICT JUDGE**

---

[2]Although the Boutwells' petition contains numerous allegations which refer generally to "defendants" it does not appear that those general allegations apply to AAA.